IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN VAN JONES,

                          Petitioner,

v.                                              OPINION and ORDER

WARDEN R.D. KEYES,                          22-cv-85-jdp

                          Respondent.

---

      Allen Van Jones, appearing pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] Jones was convicted and received a 78-month sentence in the Northern District of Georgia for conspiracy to possess with intent to distribute cocaine. *See United States v. Jones*, Case No. 18-CR-23-AT (N.D. Ga.). Jones contends that the Federal Bureau of Prisons has miscalculated his sentence and that he has enough good-time credits and First Step Act time credits to be released immediately.

      Jones filled out his request on what appears to be a form petition meant for prisoners alleging that the bureau has misapplied First Step Act time credits. The First Step Act contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). In January 2022 the Bureau of Prisons finalized a new rule

---

[1] At the time that Jones filed this petition, he was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Jones is now at a Residential Reentry Center outside this district, but this court retains jurisdiction over the case. *See In re Hall*, 988 F.3d 376, 377 (7th Cir. 2021) ("[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction.").

codifying the bureau's procedures for the earning and application of credits under this system. FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 *et. seq.*

In his petition, Jones states that he is entitled to 540 days' worth of credits, split between good-time credits and First Step Act time credits; he doesn't explain precisely how much of each type of credit he is entitled to. He also states that he was set for release on July 31, 2022, and I take him to be saying that the proper application of good-time credits and First Step Act time credits would result in his immediate release.

The government argues that the petition should be dismissed because Jones failed to exhaust his administrative remedies by challenging the alleged misapplication of his credits through the bureau's administrative complaint process. Jones concedes that he did not attempt to exhaust his claim, but he argues that the bureau "lacks the ability or competence to resolve the instant request" as shown by a November 2021 inspector general report stating that the bureau was improperly delaying in applying First Step Act credits to inmates' sentences. Dkt. 1, at 1; *see also* Department of Justice Office of the Inspector General, No. 22-007, "Management Advisory Memorandum: Impact of the Failure to Conduct Formal Policy Negotiations on the Federal Bureau of Prisons' Implementation of the FIRST STEP Act and Closure of Office of the Inspector General Recommendations," at 6–8. (2021). The government concedes that it had erred in considering Jones's eligibility for First Step Act time credits, initially considering him ineligible for those credits. After Jones filed this habeas petition, a case manager reviewed Jones's file and concluded that he was indeed eligible for credits.

Although there is no express exhaustion requirement in § 2241, courts generally require that an inmate exhaust the bureau's administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (noting common-law exhaustion rule for § 2241 actions); *Clemente v.*

*Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (court "review[s] a claim concerning the computation of a sentence only after administrative remedies have been exhausted"). But I may excuse the failure to exhaust where (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (internal quotations omitted).

Even if I accepted Jones's argument that he would be prejudiced by the time required to fully exhaust his claim, I would deny his petition on the merits. Jones asserts that he is entitled to 540 days of good-time credit or First Step Act time credit. After review of Jones's file, the bureau now states that Jones has accrued *more* credit than that—906 total days of credit (351 days of good-time credit and 555 days of First Step Act time credit), along with an additional 14 days of prior-time credit—but nonetheless he is not entitled to immediate release from federal custody.

The bureau provides a breakdown of how credits have been applied to Jones's sentence. Dkt. 11-1. Jones's 78-month sentence, minus his 14 days of prior-time credit, is scheduled to end on January 16, 2025. *Id.* at 3. Applying the maximum-allowable 351 days of Jones's earned and projected good-time credit (54 days for each year of his sentence, *see* 18 U.S.C. § 3624(b)(1)) moved the release date up to January 31, 2024. *Id.* Although Jones has 555 days of First Step Act time credit, one year is the maximum amount of First Step Act time credits that may be applied toward an inmate's placement in supervised release. 18 U.S.C. § 3624(g)(3). Applying a year's worth of First Step Act time credit would still leave Jones with a release date of January 31, 2023.

But the bureau states that there another avenue for Jones to earn earlier release: if he completes a Residential Drug Abuse Program (RDAP) under 18 U.S.C. § 3621(e), he can receive another year off of his sentence. To do so, he must complete the final portion of RDAP in a Residential Reentry Center (RRC) for a minimum of 120 days. The bureau states that Jones was previously scheduled to be moved to an RRC on June 1, 2022, but with the application of his First Step Act time credits, "a new date was requested to get [Jones] into an RRC as soon as possible." Dkt. 11, ¶ 10. During expedited briefing of the habeas petition, the bureau stated that Jones was scheduled to be placed in an RRC on March 15, 2022, with a projected release date of July 12, 2022. My own review of the bureau's inmate locator website shows that Jones is indeed now at an RRC.[2]

Jones is now on track to earn early release in July by completing his 120-day stint at the RRC. As for his argument that he should be immediately released from federal custody altogether, he did not file a reply brief, so he does not challenge the bureau's breakdown of the way it calculated his credits and release date, and there isn't any evidence in the record suggesting that he is in custody in violation of the Constitution or federal law. So I will deny Jones's petition.

---

[2] *See* https://www.bop.gov/inmateloc/.

ORDER

IT IS ORDERED that:

1. Petitioner Allen Van Jones's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered June 3, 2022.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge